UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at FRANKFORT

CIVIL ACTION NO. 06-53-KKC

IN RE:
DAVID W. BOWEN,                                                                                          DEBTOR
_____

PEOPLES EXCHANGE BANK,                                                                        APPELLANT

v.                                            **OPINION AND ORDER**

DAVID W. BOWEN                                                                                       APPELLEE

\* \* \* \* \* \* \* \* \* \* \*

The Appellant, Peoples Exchange Bank, appeals from the final Judgment entered by the U.S. Bankruptcy Court, Eastern District of Kentucky (the "Bankruptcy Court"), on July 19, 2006 in Case No. 05-30914.

**I. FACTS**

On August 22, 2003, the Debtor, David W. Bowen ("Bowen"), obtained a loan from the Appellant, Peoples Exchange Bank (the "Bank"). The loan was evidenced by two instruments: a note in the amount of $242,448.00 and a construction mortgage on Lot #15 of Eagle Trace Subdivision, Clay City, Kentucky, securing the note's principal and interest, with an additional $25,000 for additional advances.

The purpose of the loan was to provide Bowen with funds necessary to construct a home for resale on the lot in Eagle Trace Subdivision. Bowen obtained principal advances on the note and mortgage in the amount of $243,495.93 from August 29,2003 through March 8, 2004. No

payments were due under the terms of the loan until August 21, 2004. As of March 8, 2004, Bowen had made no payments on the loan and the Bank did not allow any further advances to Bowen.

As of March 19, 2004, one hundred percent of the loan proceeds had been withdrawn, however, only forty-five percent of the home construction had been completed. The Bank declared the note to be in default on June 4, 2004 and instituted foreclosure proceedings. On December 23, 2005, the Bank initiated an adversary proceeding in Bankruptcy Court to determine the dischargeability of the debt owed by Bowen. The Bank and Bowen filed cross motions for summary judgment. The Bank argued that the debt was nondischargeable under 11 U.S.C. §523(a)(4) because Bowen committed defalcation while acting in a fiduciary capacity. Bowen argued that the Bank's complaint should be dismissed because a technical trust did not exist, as required by case law interpreting 11 U.S.C. §523(a)(4).

On July 19, 2006, the Bankruptcy Court found that the Motion for Summary Judgment by Peoples Exchange Bank should be overruled, the Motion for Summary Judgment by David Bowen sustained, the debt owed by Bowen discharged, and the complaint of Peoples Exchange Bank dismissed. Upon review of relevant case law, the court determined that the relationship between the Bank and Bowen did not fall within the narrow confines of 11 U.S.C. §523(a)(4) and that a technical trust was not created.

On appeal, the Bank argues that by virtue of KRS §376.050, a technical trust was created from the construction loan with the Bank as beneficiary and Bowen as trustee and due to Bowen's failure to account for $117,488 in loan proceeds, defalcation was committed, thus, the loan is nondischargeable pursuant to 11 U.S.C. §523(a)(4).

**II. JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction of this appeal under 28 U.S.C. § 158(a), the Bankruptcy Court's order been a final order, and the appellants having complied with Bankr.R. 8001(a).

When a matter is appealed to the district court from the bankruptcy court, the district court "may affirm, modify or reverse a bankruptcy judge's judgment, order or decree or remand with instructions for further proceedings." Bankr.R. 8013. This Court will not overturn a bankruptcy court's factual findings unless they are clearly erroneous. *Id.* The bankruptcy court's conclusions of law will be reviewed *de novo*. *Myers v. Ostling*, 284 B.R. 614, 618 (E.D. Mich. 2002). Findings of fact are clearly erroneous in bankruptcy proceedings when the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Annas v. Allard*, 272 B.R. 633, 636-37 (E.D. Mich. 2002)(quotations and citation omitted).

**III. ANALYSIS**

The Bank's argument on appeal is that the Bankruptcy Court erred in failing to find that a technical trust arose between the Bank and Bowen by virtue of KRS §376.050, so that the failure of Bowen to account for $117,488 in loan proceeds constitutes defalcation, thus, Bowen's debt is nondischargeable pursuant to 11 U.S.C. §523(a)(4). Because this is a question of law, it will be reviewed *de novo*.

An individual debtor who declares bankruptcy is not discharged from any debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny."11 U.S.C. §523(a)(4). The Bank argues that Bowen committed defalcation while acting in a fiduciary capacity to the Bank because funds from the loan were to be used solely for construction of the home, the home was not finished, and Bowen cannot account for some of the loan proceeds. The

term defalcation has been held to encompass "embezzlement, the misappropriation of trust funds held in any fiduciary capacity, and the failure to properly account for such funds" *In re Garver*, 116 F.3d 176, 179 (6th Cir. 1997) (quoting *In re Interstate Agency*, 760 F.2d 121, 125 (6th Cir.1985). However, "[t]he mere failure to meet an obligation while acting in a fiduciary capacity simply does not rise to the level of defalcation; **an express or technical trust** must also be present." *Id.* at 179 (emphasis added). In order to satisfy the fiduciary relationship element of defalcation under 11 U.S.C. §523(a)(4), the Bank must prove that an express or technical trust arose between itself and Bowen where specific res was put into the hands of Bowen. *Id*. See also *In re Penick*, 149 F.3d 1184 (Table), 1998 WL 344039 (6th Cir. 1998)(unpublished)("We have employed a narrow exception for defalcation while acting in a fiduciary capacity. In a series of three cases, we developed the rule the statute requires not only a pre-existing fiduciary relationship, but also a pre-existing express or technical trust whose res encompasses the property at issue.")

The Bank argues that a technical trust arose between the Bank and Bowen by virtue of KRS §376.050, which provides:

> (1) Any mortgage taken to secure a loan made for the purpose of erecting, improving or adding to a building shall state such facts.
> (2) No person shall willfully misappropriate or misapply the proceeds received from such a loan.

The Bank's argument is essentially that an express or technical trust was created when the Bank agreed to loan money to Bowen for the express purpose of erecting a house and per KRS §376.050, Bowen was bound to use the proceeds from the loan for that sole purpose. However, the Bank's argument is flawed because it overlooks the express language set out by the Sixth

Circuit in *In re Garver*. "[T]he debtor must hold funds in trust for a third party to satisfy the fiduciary relationship element of the defalcation provision of § 523(a)(4)."*In re Garver*, 116 F.3d at 179. Bowen, the debtor, did not hold the construction funds in trust for the Bank. The Bank simply issued a loan to Bowen and proceeds from that loan were to be used to construct a home. Whether or not Bowen violated the provisions of KRS §376.050 is irrelevant because an express or technical trust must exist in order for the debt to be nondischargeable under 11 U.S.C. §523(a)(4) and this Court is not inclined to hold that a construction loan from a bank to a debtor rises to the level of an express or technical trust. Accordingly, the Bankruptcy Court's Order dismissing the complaint of Peoples Exchange Bank and discharging the debt owed by David Bowen is hereby **AFFIRMED**.

This the 9th day of January 2007.

Signed By:
*Karen K. Caldwell*
United States District Judge